Joseph A. Blystone, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Submitted on briefs January 9, 1975, to Judges KRAMER, WILKINSON, JR. and MENCER, sitting as a panel of three.

*Robert R. Weppelman,* with him *Kradel, Weppelman* and *Himler,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, January 29, 1975:

In this unemployment compensation case, claimant-appellant was declared to be ineligible to receive benefits by the Bureau of Employment Security, the referee, and the Unemployment Compensation Board of Review. The basis for declaring him ineligible was the provision of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended,* 43 P. S. §802(e), which provides, in pertinent part:

"An employe shall be ineligible for compensation for any week—

"(e) In which his unemployment is due to his discharge . . . from work for willful misconduct connected with his work. . . ."

We must affirm.

The undisputed facts are that on August 20, 1973, claimant-appellant left the premises of his employer an hour and a half early without obtaining permission or telling anybody. He was an hourly employee and did "punch the time clock," thus establishing that he was not attempting to hide the fact that he had left early and establishing that he did not intend to cheat the employer to the extent that he would be paid for his absence. Another employee left with him. The next morning when they reported for work, both men were discharged.

While claimant-appellant argues that there was no stated policy of the employer that an employee could not leave early, it is clear from the evidence that he had worked for this employer for approximately two years and had never left early before. Claimant-appellant asserted that others had left early and had not been discharged, but he did not dispute the employer's testimony which was "any time that anybody ever punched out early and went home, they always told somebody in management." Indeed, when asked for an explanation of why he did this, claimant-appellant said that he had finished the job he was doing and there was no work for him to do during the time others were gathering parts he was to use on his next job. He testified he left because the other man left. When pressed for a reason or excuse for not telling the manager that he was leaving early, he replied: "Because I didn't feel like it. We have been on the outs ever since he took over the general manager." Claimant-appellant notably did not say that he considered it unnecessary. The referee, in his discussion, included a paragraph entitled "Reasoning" which stated: "An essential element of misconduct in connection with the claimant's work is a breach of duty to the employer. In any employment relationship, there are certain standards of behavior which the employer has the right to expect of his employees, even though they may not be expressly

set forth in the written or verbal contract. The claimant's action was a breach of duty owed to his employer and was an act so inimical to the employer's best interests that discharge was a natural result. Accordingly, the claimant is disqualified from receiving benefits under the provisions of Section 402(e) of the Law."

Judge Mencer's able review of the law on this subject, in his opinion in *Woodson v. Unemployment Compensation Board of Review,* 7 Pa. Commonwealth Ct. 526, 529, 300 A.2d 299, 301 (1973), makes it unnecessary for us to repeat it here. In addition to covering the law generally, that opinion expressly disposes of the only tangible legal argument upon which claimant-appellant bases his appeal—lack of warning: ". . . However, an advance warning is not a prerequisite to justify a discharge for willful misconduct. Hohnstock Unemployment Compensation Case, 196 Pa. Superior Ct. 500, 175 A.2d 167 (1961)."

Accordingly, we enter the following

ORDER

Now, January 29, 1975, the order of the Unemployment Compensation Board of Review, dated February 28, 1974, in the above matter, denying benefits, is affirmed.