Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Russell Stanley, Appellant.

Argued January 9, 1976, before Judges KRAMER, WILKINSON, JR. and MENCER, sitting as a panel of three.

*Robert A. Solomon,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, February 3, 1976:

This is an appeal by Russell Stanley (claimant-appellant) from a decision by the Unemployment Compensation Board of Review (Board) which found the failure of claimant-appellant to report for work or notify his em-

ployer of his absence on two occasions—for which he was discharged—constituted willful misconduct under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended,* 43 P. S. §802(e), thereby rendering him ineligible for unemployment compensation benefits. In so deciding, the Board reversed prior determinations by the Bureau of Employment Security and a referee which awarded benefits. We must sustain the Board.

The factual setting of this case is summarized by the following findings of fact made by the referee and wholly adopted by the Board:

"1. The claimant was last employed by Teltron, Inc. for approximately one year as a whiteroom technician, and his employment terminated on 11/8/74 at which time he was eaning $4.35 an hour. He was scheduled to work from 8:00 a.m. to 4:30 p.m., five days weekly.

"2. The claimant had a high record of absenteeism, and he was warned by the employer that he must improve his attendance record. He was not warned that he would be discharged due to his absenteeism.

"3. The claimant properly reported off with the exception of the last two absences.

"4. Shortly before his discharge the claimant and the employer discussed the decline in business, and it was agreed that the claimant would look for other work.

"5. The claimant did not report his last two absences because of this discussion with the employer."

Claimant-appeallant, relying on the discussion and agreement between him and his employer that he would seek other work due to a decline in business, contends that the two unreported absences did not rise to the level of willful misconduct. We cannot agree.

In *Petty v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 157, 159-60, 325 A.2d 642, 643 (1974), we set forth the elements necessary to characterize absenteeism as willful misconduct:

" '1. Excessive absences.

" '2. Failure to notify the employer in advance of the absence.

" '3. Lack of good or adequate cause for the absence.

" '4. Disobedience of existing company rules, regulations, or policy with regard to absenteeism.

" '5. Disregard of warnings regarding absenteeism.' "[1]

On their face, the findings of fact satisfy the first, second and fifth elements. The two unreported absences in question were the culmination of a substantial history of absenteeism about which claimant-appellant had been warned. Moreover, an analysis of the findings and supporting evidence in the record discloses that the third and fourth elements are also satisfied.

Regarding the third element, we cannot accept the argument of claimant-appellant that the agreement with his employer that he would look for other work[2] estab-

---

1. However, warnings that absenteeism will specifically result in discharge are not required. *Blystone v. Unemployment Compensation Board of Review*, 17 Pa. Commonwealth Ct. 180, 342 A.2d 772 (1975).

2. The following excerpt from the notes of testimony taken at the referee's hearing is the only evidence of record regarding the discussion and agreement:

"Q. [by referee]: You called the company on each absence?

"A. [by claimant-appellant]: Each absence. Only on two occasions and these occasions were after I asked Mr. Mengel [, company president], I asked, 'How's business, Mr. Mengel?' and he said, 'Not very good' and I asked Mr. Mengel, 'You think I ought to look around for other employment?' and he said, 'I would if I was you.' and after this statement were the two times that I did not call up. Only two times that my absence was not reported."

lished good and adequate cause for the two absences. The agreement only indicated that claimant-appellant would search for other employment. It did not, under any reasonable construction, also approve claimant-appellant's absenting himself from work to perform that search.

As to the fourth element, the record reveals that it was company policy that unauthorized absences be reported prior to their occurrence. The finding of fact that claimant-appellant properly reported all absences, but the two in controversy, evidences his awareness of this policy. However, claimant-appellant again raises the agreement with his employer, contending it condoned his failure to comply with company policy in the instant case. We disagree. Since the agreement did not approve any absences whatsoever, it certainly did not sanction absences without prior notification.

Accordingly, we hold that the two unreported absences constituted willful misconduct and enter the following

ORDER

Now, February 3, 1976, the decision and order of the Unemployment Compensation Board of Review, No. B-125841, dated May 22, 1975, denying unemployment compensation benefits to Russell Stanley, is hereby affirmed.