Sharon L. Lynch, Appellant *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Appellee.

Argued May 7, 1976, before Judges CRUMLISH, JR., WILKINSON, JR., and BLATT, sitting as a panel of three.

*Edward Van Stevenson, Jr.,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., June 17, 1976:

The issue before us in the appeal of Sharon Lynch (Claimant) from the order of the Unemployment Compensation Board of Review (Board) affirming a decision of the referee denying Claimant benefits pursuant to Section 402(e) of the Unemployment Compensation Law[1] is whether leaving work early after being admonished to the contrary by her manager constitutes wilful misconduct by Claimant.

The facts as found by the referee are as follows. Claimant was last employed by the Pizza Hut as a waitress and back help at $2.10 per hour plus tips. Her last day of work was June 2, 1975. Prior to June 2, 1975, Claimant's supervisor gave her permission to leave work at 2:30 P.M., however, the supervisor neglected to notify the store manager of this decision. The purpose of this early departure was to attend an interview with another employer. On June 2, 1975, upon learning of Claimant's intended early departure, the store manager instructed Claimant that she could not leave because the store was understaffed. Claimant was then informed that if she chose to leave, she would be discharged. Claimant did leave at 2:30 P.M. and as a result she was fired.

Claimant raises two arguments in support of her appeal. The first is that the findings of fact are not supported by the record, and the second is that Claimant's early departure with prior approval, albeit supervisory rather than managerial approval, does not constitute wilful misconduct as a matter of law.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

We have examined the record and find that it is indeed supportive of the findings of fact. Therefore, the question before us resolves to whether or not the legal conclusion of wilful misconduct is justified.

It is clear that a claimant discharged for leaving work early without advising his employer and without a good excuse may be found guilty of wilful misconduct. We have further held that advance warning is not a prerequisite to justify a discharge for wilful misconduct. *Blystone v. Unemployment Compensation Board of Review*, 17 Pa. Commonwealth Ct. 180, 342 A.2d 772 (1975). However, such is not the case here.

Here, Claimant was given permission to leave early by a supervisory employe, which permission was subsequently withdrawn by a managerial employe for the stated business reason of being understaffed at the time of the early departure. The question therefore becomes one of whether the permission, when given, could subsequently be withdrawn. We hold that it may.

In *Blystone,* we stated: "[A]n essential element of misconduct in connection with the claimant's work is a breach of duty to the employer. In an employment relationship, there are certain standards of behavior which the employer has a right to expect of his employees, even though they may not be expressly set forth in the written or verbal contract. The claimant's action was a breach of duty owed to his employer and was an act so inimical to the employer's best interests that discharge was a natural result." *Blystone v. Unemployment Compensation Board of Review, supra,* 17 Pa. Commonwealth Ct. at 182-3, 342 A.2d at 773.

Claimant had a right to rely on her supervisor's initial representation that she would be permitted to leave early, but given the employer's business interest of maintaining a suitable work force at the time of the promised early departure and the standard of business

behavior dictating that a store be properly staffed, the initial approval could reasonably have been withdrawn.

Accordingly, we enter the following

ORDER

AND Now, this 17th day of June, the order of the Unemployment Compensation Board of Review in the above matter, denying benefits, is affirmed.

Judge KRAMER did not participate in the decision in this case.