James D. Barnett, Petitioner *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Respondent.

582

Argued March 11, 1977, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*William J. Tarter*, for petitioner.

*Michael Klein*, Assistant Attorney General, with him *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for respondent.

OPINION BY JUDGE BLATT, April 15, 1977:

This is an appeal by James Barnett (claimant) from an order of the Unemployment Compensation Board of Review (Board) which ruled him ineligible for unemployment compensation benefits. He had been employed as a dock master by the Port Allegheny Marina (employer) and was scheduled to be on vacation from December 24, 1975 until January 8, 1976. On December 24, 1975, he left work three hours early, and he was notified that he had been discharged on January 7, 1976. When he applied for unemployment compensation benefits, the Bureau of Employment Security (Bureau) denied his claim, but,

after a hearing attended only by the employer, the referee reversed the Bureau's determination and granted benefits. Upon appeal by the employer, the Board reversed the referee and denied benefits under Section 402(e) of the Unemployment Compensation Law,[1] finding that the claimant had been guilty of willful misconduct. This appeal followed.

In an unemployment compensation case, our scope of review is limited to a determination as to whether or not the findings of the Board are supported by substantial evidence and to questions of law, including the question of whether or not an employe's actions constitute willful misconduct. *Sturniolo v. Unemployment Compensation Board of Review,* 19 Pa. Commonwealth Ct. 475, 338 A.2d 794 (1975). The narrow issue presented here is whether or not the act of the claimant, in leaving work early without the prior permission of his employer, constituted willful misconduct.

We have previously held that a claimant discharged for leaving work early without advising his employer and without a good excuse may be found guilty of willful misconduct. *Lynch v. Unemployment Compensation Board of Review,* 25 Pa. Commonwealth Ct. 210, 359 A.2d 834 (1976); *Blystone v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 180, 342 A.2d 772 (1975). The findings of the Board here, which are supported by substantial evidence and therefore binding on this Court, are that

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. [1937] 2897, *as amended,* 43 P.S. §802(e), which provides in pertinent part:

An employe shall be ineligible for compensation for any week—

. . . .

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . .

the claimant had been informed on two separate occasions by his employer that he was expected to work a full day on December 24 and that he had nevertheless left work three hours early that day without requesting prior permission. The only excuse offered for this early departure was contained in a note he left on the premises informing his employer that he had left early to go shopping, hardly a justifiable reason for an early and unauthorized departure when he had been instructed to work a full day.

The order of the Board is affirmed.

ORDER

AND Now, this 15th day of April, 1977, the order of the Unemployment Compensation Board of Review denying benefits to James D. Barnett is hereby affirmed.