Naomi C. Dolan, Appellant *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued December 8, 1977, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Paul G. Riffle,* with him *Jonathan P. Foster,* and *Beirne, Riffle and Foster,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, January 17, 1978:

The narrow issue presented in this appeal by Naomi C. Dolan from an order of the Unemployment Compensation Board of Review (Board) is whether her leaving work early without the prior permission of her employer constitutes willful misconduct within the meaning of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

During the morning of Friday, August 25, 1972, Dolan requested permission to leave work early. Permission was denied, apparently because a shipment was anticipated for Monday. Dolan was subsequently assigned inspection work, but immediately before this work commenced she decided to leave the premises. In fact, Dolan left without attempting to personally advise the employer of her unilateral decision. When she reported for work on Monday morning, she was informed of her discharge. Thereafter, she applied for unemployment compensation.

The record developed by the compensation authorities indicates that Dolan alternatively offered lack of work and back discomfort as the reasons for her premature departure. She also alleged that the employer was trying to force her out of her job because she had previously repulsed his carnal advances. A referee made the following essential finding: "On August 25, 1972, claimant was assigned to work as an inspector. At 2:00 p.m., claimant left the plant without notification to management, because she did not desire to perform the work assigned to her."

Concluding that Dolan was guilty of willful misconduct, the Board denied benefits. We will affirm the Board's order.

The law is clear that a claimant discharged for leaving work early without advising his employer and without a good excuse may be found guilty of willful misconduct. *Barnett v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 581, 372 A.2d 48 (1977); *Lynch v. Unemployment Compensation Board of Review,* 25 Pa. Commonwealth Ct. 210, 359 A.2d 834 (1976); *Blystone v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 180, 342 A.2d 772 (1975). *See also Unemployment Compensation Board of Review v. Harper,* 23 Pa. Commonwealth Ct. 197, 350 A.2d 920 (1976); *Haseleu v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 96, 316 A.2d 159 (1974); *Morgan v. Unemployment Compensation Board of Review,* 174 Pa. Superior Ct. 59, 98 A.2d 405 (1953). It is also clear that an advance warning is not a prerequisite to justify a discharge for willful misconduct. *Blystone, supra; Woodson v. Unemployment Compensation Board of Review,* 7 Pa. Commonwealth Ct. 526, 300 A.2d 299 (1973).[1] It has been stated:

'An essential element of misconduct in connection with the claimant's work is a breach of duty to the employer. In any employment relationship, there are certain standards of behavior which the employer has the right to expect of his employees, even though they may not be expressly set forth in the written or verbal contract. The claimant's action was a breach of

---

[1] There is some dispute as to whether Dolan had a history of leaving work early without advising her employer and as to whether she had been warned about this conduct. However, she admitted receiving prior warnings for tardiness.

duty owed to his employer and was an act so inimical to the employer's best interests that discharge was a natural result. Accordingly, the claimant is disqualified from receiving benefits under the provisions of Section 402(e) of the law.'

*Blystone, supra,* 17 Pa. Commonwealth Ct. at 182-83, 342 A.2d at 773.

In the instant case, Dolan ignored prior admonitions that her continued presence was required, *see Barnett, supra; cf. Lynch, supra* (prior permission to leave work early withdrawn because employer would be understaffed), and she absented herself without timely notice to management. *Cf. Eaton Corp. v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 380, 365 A.2d 1326 (1976) (notice given). Notably, she contends neither that such notice was unnecessary, *see Blystone, supra,* nor that it would have been useless or prohibitively onerous to give such notice.

Further, the Board chose not to attach credibility to Dolan's proffered excuse of back pain, which was not corroborated by any medical evidence. *See Stokes v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 445, 379 A.2d 913 (1977); *Unemployment Compensation Board of Review v. Houp,* 20 Pa. Commonwealth Ct. 111, 340 A.2d 588 (1975). Nor did it consider Dolan's alleged difficulties with her employer dispositive of why notice was not given. *Cf. Eaton Corp., supra* (notice given). Rather, it apparently inferred from the contradictory excuse of lack of work and from the timing of her leaving that Dolan did not wish to perform the assigned work.

We therefore conclude that on the instant record the Board did not err in denying benefits to Dolan.

320

ORDER

AND Now, this 17th day of January, 1978, the order of the Unemployment Compensation Board of Review, denying benefits to Naomi C. Dolan, is hereby affirmed.