Patricia Jackamonis, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Abington Memorial Hospital, Respondent.

Argued September 14, 1979, before Judges Mencer, Blatt and MacPhail, sitting as a panel of three.

*Robert M. John,* with him *Schneider, Nixon & John,* for petitioner.

*Elsa D. Newman,* Assistant Attorney General, with her *Edward G. Biester, Jr.,* Acting Attorney General, for respondents.

OPINION BY JUDGE MENCER, December 6, 1979:

In this unemployment compensation case, Patricia Jackamonis (claimant) was discharged by her employer, Abington Memorial Hospital (Abington), for leaving work early without permission and notice. The Unemployment Compensation Board of Review (Board), reversing the referee, denied her application for benefits, pursuant to Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e) (willful misconduct). Claimant appealed to this Court and we affirm the Board.

Claimant was employed as a clerk by Abington for approximately five years prior to her discharge. On April 13, 1978, claimant was notified that her supervisor would be absent and that she was not to touch anything on the supervisor's desk. Claimant became

emotionally upset over this request and left work. Claimant's discharge followed.

It is undisputed that claimant left work early without her employer's permission and that such conduct, unless it is motivated by good cause, constitutes willful misconduct. *See Dolan v. Unemployment Compensation Board of Review,* 33 Pa. Commonwealth Ct. 316, 381 A.2d 1323 (1978); *Barnett v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 581, 372 A.2d 48 (1977); *Lynch v. Unemployment Compensation Board of Review,* 25 Pa. Commonwealth Ct. 210, 359 A.2d 834 (1976). Claimant argues, however, that, since this was her first offense and she had not been previously warned of any policy concerning early leavings,[1] her action did not amount to willful misconduct. We rejected similar arguments in *Blystone v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 180, 342 A.2d 772 (1975) (employee who left work early without notice or permission was guilty of willful misconduct despite an unblemished work record and no prior warnings against such conduct) and find it to be dispositive of claimant's contentions.

Claimant next argues that she was justified in leaving because she interpreted the request not to touch her supervisor's desk as an insinuation that she was a snoop. Such a request, however, clearly does not amount to an unjust accusation or abusive conduct such as would constitute good cause for her action. *Cf. Unemployment Compensation Board of Review v. Ruffel,* 18 Pa. Commonwealth Ct. 512, 336 A.2d 670 (1975) (mere resentment of a reprimand, absent an

---

[1] The Board did find that claimant had been warned against such conduct. We agree with claimant that this finding is not supported by substantial evidence. The Board's error is harmless, however, in view of our holding that a prior warning is unnecessary for a finding of willful misconduct.

unjust accusation, abusive conduct or profane language, does not constitute compelling and necessitous reasons to terminate one's employment under Section 402(b)(1) of the Act, 43 P.S. §802(b)(1)).

Claimant also contends that her response to the request was caused by medical difficulties for which she was receiving treatment. Claimant, however, failed to present any medical evidence to support her claim and therefore failed to meet her burden of proof on this issue.

· Finally, claimant alleges that, several years before, two other employees who had left early were not terminated and therefore her own conduct should be excused. Since the record is unclear as to the circumstances surrounding these occurrences and their relevance is doubtful, we must reject this argument by claimant.

Accordingly, we enter the following

ORDER

AND Now, this 6th day of December, 1979, the order of the Unemployment Compensation Board of Review, dated July 18, 1978, denying benefits to Patricia Jackamonis, is hereby affirmed.