Deborah A. Simmons, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 6, 1981, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Barry Levin,* for petitioner.

*Stephen B. Lipson,* Assistant Attorney General, with him *John T. Kupchinsky,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., May 6, 1981:

Deborah A. Simmons (claimant) appeals from an Order of the Unemployment Compensation Board of Review (Board) which denied her eligibility for benefits. The Board's Order affirmed a referee's decision that the claimant was discharged from her employment due to willful misconduct, which renders her ineligible under Section 402(e) of the Unemployment Compensation Law (Law).[1]

Claimant was last employed by First Pennsylvania Bank (employer) as an assistant manager at the Bank's branch known as Three Two Center (Center). During her tenure at Center, friction developed between the claimant and her immediate supervisors because of criticism of the claimant's job performance by the manager of Center. In June, 1979, the claimant received an unsatisfactory performance rating from the manager; she appealed this rating to the president of Center, who upheld the manager's evaluation. After meeting with the president on this matter, the claimant, who suffers from ulcerative colitis, left work and became ill. She returned to work after a period of hospitalization.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

As a result of her unsatisfactory rating, claimant was placed on probation upon her return to work. Her supervisors continued to monitor her job performance and a meeting was held on November 16, 1979 for the purpose of reviewing her work at Center. The meeting was attended by the claimant, her manager, and the president of Center.

During the meeting, the claimant expressed her opinion that she had been treated unfairly and stated that she was tired of such treatment. The claimant then left the meeting at approximately 11:00 a.m.[2] and returned to her desk. She attempted to contact the president's corporate superior and the personnel department, but was unable to do so. Thereafter, the claimant left the employer's premises without requesting permission. Although she felt the symptoms of her colitis returning, the claimant did not notify the manager or the president of this fact; and she did not leave work for this reason.

The claimant returned to her home and continued her attempts to contact higher management. She eventually contacted the superior of Center's president, who assured the claimant that he would look into the matter. Later that afternoon, at approximately 5:00 p.m., the president called the claimant at home and informed her that the employer considered her leaving work prior to the end of the work day without permission to be an act of resignation; and that her termination was effective immediately. Subsequently, the claimant attempted to recover her job through the personnel department, but was unsuccessful.

In December, 1979, claimant applied for unemployment compensation benefits. The Office of Employ-

---

[2] The referee found as a fact that the claimant became upset at the meeting and walked out, stating: "I do not have to take this; you will hear from me later." (Finding of Fact No. 4.)

ment Security (OES)[3] denied her application pursuant to Section 402(b)(1) of the Law,[4] on the grounds of voluntary termination of employment. The claimant appealed this determination to a referee who affirmed OES after a hearing, but modified the basis of ineligibility to willful misconduct under Section 402 (e). Claimant appealed the referee's decision to the Board, which affirmed the referee. This appeal is brought from the Board's Order.

The referee found below that the claimant left work early without her employer's permission. This Court has consistently held that such conduct, unless motivated by good cause, constitutes willful misconduct.[5] The claimant offered testimony below in an attempt to justify leaving work; this testimony was heard and rejected by the referee.

The Unemployment Compensation Board of Review is the ultimate fact finder and, as such, is required to resolve conflicting evidence and weigh the credibility of witnesses; its findings, if supported by substantial evidence, are binding on this Court. *Mt. Lebanon School District v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 539, 409 A.2d 1205 (1980); *Sweigart v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 421, 408 A.2d 561 (1979). The claimant contends that the record evidence fails to support the referee's findings. Our review of the record before us

---

[3] Formerly the Bureau of Employment Security, that office is now designated the Office of Employment Security (OES).

[4] 43 P.S. §802(b)(1).

[5] See *Jackamonis v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 571, 408 A.2d 581 (1979); *Dolan v. Unemployment Compensation Board of Review,* 33 Pa. Commonwealth Ct. 316, 381 A.2d 1323 (1978); *Barnett v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 581, 372 A.2d 48 (1977).

discloses that her contention is without merit, and that the referee's findings, adopted by the Board, are supported by substantial competent evidence.

Therefore, the Order of the Unemployment Compensation Board of Review is affirmed.

### ORDER

AND Now, the 6th day of May, 1981, the Order of the Unemployment Compensation Board of Review, at Decision No. B-182042, is affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.