Jeannine Dulgerian, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 20, 1981, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Philip L. Blackman, Abramson & Freedman,* for petitioner.

*William Kennedy,* Associate Counsel, with him *Frayda Kamber,* Legal Assistant, *Michael D. Klein,* Acting Appeals System Administrator, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, February 1, 1982:

The petitioner, Jeannine Dulgerian, appeals a decision of the Unemployment Compensation Board of Review (Board) which denied her unemployment benefits on the grounds that she was discharged for willful misconduct. The Board cited Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

The petitioner, who was employed as a dental assistant, was discharged from her employment on June 17, 1980. Her claim for benefits was denied by the Office of Employment Security and, after a hearing, a referee affirmed that denial. In response to the petitioner's request for reconsideration, the Board directed that another hearing be held at which additional testimony was taken, and the Board thereafter upheld the referee's denial of benefits. The instant petition for review followed.

The following facts as found by the Board are supported by substantial evidence:[1] (1) the petitioner had

---

[1] Where, as here, the employer who had the burden of proving willful misconduct, prevailed below, our scope of review is limited to determining whether or not the Board's findings of fact are supported by substantial evidence and whether or not an error of law was committed. *Fritzo v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 268, 429 A.2d 1215 (1981).

a history of tardiness; (2) some of her tardiness was authorized but she was tardy in excess of the amount of time authorized; (3) on June 13, 1980, she did not report back to work after lunch and did not notify her employer that she would not be returning; (4) her failure to provide such notification was allegedly caused by anxiety resulting from a diagnosis by her dermatologist; (5) on her next scheduled working day, June 17, she did not report to work until after lunch, although she did notify her employer that morning that she would be late due to a doctor's appointment; and (6) her discharge was due to her unacceptable attendance habits.

The petitioner argues that her discharge was based solely upon her tardiness on that particular day, that such tardiness was authorized and that therefore she was not guilty of willful misconduct. Alternatively she asserts that, even if her discharge was related to her June 13 failure to notify her employer of the reason for her absence, such behavior was not willful misconduct because the employer had no rule requiring such notification. Additionally, she claims that she had good cause for her lack of notification from the anxiety which she suffered after being informed by her dermatologist that she might have skin cancer.

The petitioner's first argument essentially disputes the validity of the Board's finding that she was discharged because of her poor attendance habits. There was conflicting evidence as to whether the petitioner's discharge was influenced by her past history of tardiness or was due solely to her authorized absence on June 17, but it is the role of the Board, not this Court, to resolve such conflicts and where, as here, its findings are supported by substantial evidence, we will not disturb them. *Fritzo; Maxwell v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 604, 423 A.2d 430 (1980).

Secondly, she notes that the Board in its discussion stated that the petitioner's failure to notify her employer of the reason for her absence on June 13 was itself willful misconduct, and she objected to this conclusion. It is true that no evidence was presented as to the existence of an employer's rule regarding the reporting of absences, but there was testimony that the petitioner had actual knowledge of a need to report in to her employer under such circumstances because she had done so on prior occasions and then again on June 17. Furthermore, we do not believe that the petitioner established good cause for her failure to report. She was informed only that she *might* have skin cancer, and she presented no medical evidence in any way establishing her inability to return to work at the time concerned. *See Jackamonis v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 571, 408 A.2d 581 (1979).

We must hold that the petitioner's disregard of her duty to report the reason for her failure to return to work on June 13 amounted to willful misconduct on her part. This is particularly true in the light of her history of tardiness, the warning which she received in regard thereto and her prior practice of calling her employer regarding anticipated absences. *Blystone v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 180, 342 A.2d 772 (1975).

We will therefore affirm the Board's denial of benefits.

## Order

And Now, this 1st day of February, 1982, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

Judge Palladino did not participate in the decision in this case.