Bernice Harris, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 3, 1982, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three. Reargued June 11, 1982, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

538

*Andrew F. Erba,* for petitioner.

*Charles Hasson,* Associate Counsel, with him *Francine Ostrovsky,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, July 20, 1982:

This case is now before this Court for the second time, having been set for reargument previously[1] for failure of either party to properly discuss the final decision of the Unemployment Compensation Board of Review (Board). We now reverse.

The crux of this case hinges on whether the Claimant's actions on June 13, 1980, the day before she was fired, amounted to willful misconduct so as to make her ineligible for benefits under Section 402(e) of the Unemployment Compensation Law (Law).[2] Willful misconduct is, of course, a question of law for this Court to determine. *Dodson v. Unemployment Compensation Board of Review,* 63 Pa. Commonwealth

---

[1] *Harris v. Unemployment Compensation Board of Review,* Pa. Commonwealth Ct. , 444 A.2d 807 (1982).

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Ct. 245, 437 A.2d 1080 (1981). The standard which has been developed is that willful misconduct is established when an employee's behavior constitutes a wanton and willful disregard of the employer's interest, the deliberate violation of the employer's rules, the disregard of the standards of behavior which an employer can rightfully expect from his employee or negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 409 A.2d 165 (1973).

In this case, the Board determined that Claimant was guilty of willful misconduct for violation of the Employer's[3] rules against having visitors without prior permission of a supervisor. The Board found that Claimant was aware that her daughter was going to visit her at work on June 13 and permitted such a visit despite the Employer's rules.

If supported by substantial evidence, we would certainly agree that such findings would support a determination of willful misconduct. Our reading of the entire record, however, even after giving the Employer the benefit of all reasonable inferences deducible from the record favorable to the Employer, leads us to conclude that a reasonable person could *not* conclude that Claimant knew of the impending visit and yet allowed such visit to take place. On the contrary, we believe the record shows conclusively that Claimant's daughter came to see Claimant at work without prior notice to Claimant in order to obtain Claimant's medical insurance card for the purchase of needed medicine. Obviously, the Claimant

---

[3] Thomas Jefferson University.

cannot be said to have deliberately violated Employer's rules against visitors when such visit occurs without Claimant's prior knowledge or consent. Without a supported finding that Claimant's conduct was willful, deliberate or intentional, a determination that Claimant's actions constituted willful misconduct cannot stand. *Miller v. Unemployment Compensation Board of Review,* 52 Pa. Commonwealth Ct. 151, 154, 415 A.2d 454, 455 (1980); *Frazier v. Unemployment Compensation Board of Review,* 49 Pa. Commonwealth Ct. 474, 477-78, 411 A.2d 580, 582 (1980).

Since the basis for the Board's determination of willful misconduct is unsupported by the record, we shall reverse and remand for the computation of benefits.

### ORDER

The order of the Unemployment Compensation Board of Review, Decision No. B-188751, dated January 9, 1981, is hereby reversed and the record is remanded to the Board for the computation of benefits.