Astro Warehousing, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 12, 1983, to Judges BLATT, MACPHAIL and BARBIERI, sitting as a panel of three.

*Thomas I. Vanaski, Dilworth, Paxson, Kalish & Kauffman,* for petitioner.

*John T. Kupchinsky,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, June 15, 1983:

Astro Warehousing, Inc. (Employer) has brought this appeal from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision granting benefits to Delphine Kalinowski (Claimant).

Claimant was last employed as an office manager for Employer. Claimant had worked for Employer for ten years and had been employed as an office manager for seven years. On June 16, 1981, Claimant came to work approximately an hour and a half early with the expectation that she would leave work for a time during the day. Claimant did leave work for three hours beginning about noon. Claimant did not inform anyone else in a superior managerial position that she was going to take time off from work during the day. Claimant did punch out her time card when she left and punched in upon her return. Claimant was discharged on July 3, 1981.

Several testimonial conflicts arose during the referee's hearing on this matter. First of all, it was Claimant's contention that, as an Office Manager, she was not required to, and had never previously, sought permission from anyone else in management to take time off during the day and that the only person she would inform was the Assistant Office Manager, who was told where Claimant was going and where Claim-

ant could be reached. The Employer[1] asserted, however, that Claimant was required to contact the company president, who was admittedly out of town at the time, or other designated managerial employees[2] located in a different building from Claimant's place of employment to obtain permission to leave work for a personal reason.

The other conflict in the testimony concerned Claimant's reason for leaving work. Claimant testified that she left work in order to visit her father-in-law in the intensive care unit of a local hospital.[3] Employer presented uncorroborated hearsay testimony that Claimant left work to go swimming.

In both instances the Board chose to accept Claimant's version of events. The Board then concluded that Claimant's actions did not rise to the level of disqualifying willful misconduct under the provisions of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e), and thus granted Claimant benefits.

Concerning the Board's resolution of the conflicting testimony in Claimant's favor, such an action is clearly within the Board's prerogative as factfinder and cannot be classified as capricious disregard of the evidence. *See Grzech v. Unemployment Compensation Board of Review,* 56 Pa. Commonwealth Ct. 10, 17, 423 A.2d 1364, 1368 (1981). We must therefore accept these findings.

Having determined that the findings are unassailable within our narrow scope of review, this Court

---

[1] Through the testimony of its only witness, the company president.

[2] The president's brother or son, or the factory manager.

[3] Claimant testified that her father-in-law was in the intensive care unit due to heart problems.

still must determine whether, as a matter of law, Claimant's actions should be considered willful misconduct. *See, e.g., Harris v. Unemployment Compensation Board of Review,* 67 Pa. Commonwealth Ct. 537, 447 A.2d 1060 (1982).

Employer contends that leaving work without proper consent is such a patent disregard of the standards of behavior which an employer has the right to expect that there need not be an explicit Employer rule on the matter for this Court to find willful misconduct. As authority for that proposition, Employer cites to *Blystone v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 180, 342 A.2d 772 (1975), and the following quotation from that opinion:

"An essential element of misconduct in connection with the claimant's work is a breach of duty to the employer. In any employment relationship, there are certain standards of behavior which the employer has a right to expect of his employees, even though they may not be expressly set forth in the written or verbal contract. The claimant's action was a breach of duty owed to his employer and was an act so inimical to the employer's best interests that discharge was a natural result."

*Id.* at 182-83, 342 A.2d at 773 (quoting from the referee's decision in the case).

We certainly do not take issue with the holding of *Blystone,* which has been cited to approvingly by this Court. *See, e.g., Jackamonis v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 571, 408 A.2d 581 (1979). However, we do not believe *Blystone* or its progeny ever intended to set up an irrebuttable presumption that leaving work without the permission of a supervisor would be willful miscon-

duct. Certainly when the Board has found, based on testimony presented to it, that in fact a claimant had not sought permission in such circumstances for seven years and that such permission was not necessary for an office manager, this Court cannot classify a failure to seek permission as willful misconduct when such failure has previously been condoned or permitted by an employer. *Cf. Penn Photomounts, Inc. v. Unemployment Compensation Board of Review*, 53 Pa. Commonwealth Ct. 407, 417 A.2d 1311 (1980) (failure to comply with company rule regarding method of giving notice of absence not willful misconduct where the employer had previously accepted an alternative method of notice used by the claimant).

We affirm.[4]

### ORDER

The order of the Unemployment Compensation Board of Review, Decision No. B-201577, dated November 30, 1981, is hereby affirmed.

---

[4] As the Employer has not attempted to assert that Claimant could only leave work without permission in limited circumstances, the question of why Claimant left work is not relevant to this appeal and Employer's request for a remand to develop admissible evidence on that question is denied.