Louis J. Grispino, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

52

Submitted on briefs December 5, 1983, before President Judge CRUMLISH, JR., and Judges WILLIAMS, JR. and BARRY, sitting as a panel of three.

*Morton Gordesky,* for petitioner.

*Francine Ostrovsky,* Associate Counsel, with her *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., March 14, 1984:

Louis J. Grispino (claimant) petitions for review of the Order of the Unemployment Compensation Board of Review (Board) affirming the decision and order of a referee denying benefits pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e) (discharge for willful misconduct connected to work).

The facts in this case are undisputed. The claimant was last employed as an assistant chemist by Du-

Pont (employer). He was discharged because he left work early on July 7, 1981 without notice to the employer as well as for his poor attendance record. At the time of his discharge, the claimant was on probation due to his attendance problems. He left work early on July 7, 1981 because he received a telephone call from his wife advising that the electrical service at their home was to be terminated due to an unpaid bill. Although he was aware that the employer required employees to notify a supervisor when leaving work under such circumstances, which he always had done in the past, the claimant left work shortly after lunch without notifying a supervisor. His supervisor was available at that time to receive such notice, but it did not occur to the claimant to notify the supervisor because of his concern with the impending loss of his domestic electrical service.

Where, as here, the party with the burden of proof prevailed below, our scope of review is limited to determining whether the findings of fact are supported by substantial evidence and whether an error of law was committed. *Dulgerian v. Unemployment Compensation Board of Review*, 64 Pa. Commonwealth Ct. 342, 439 A.2d 1342 (1982). The only question raised by the claimant is whether the conduct for which he was discharged rises to the level of willful misconduct.

This Court has consistently held that leaving work early without the employer's permission constitutes willful misconduct unless motivated by good cause[1] or such conduct has been permitted by the employer in

---

[1] *See, Simmons v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 174, 429 A.2d 121 (1981) and *Dolan v. Unemployment Compensation Board of Review*, 33 Pa. Commonwealth Ct. 316, 381 A.2d 1323 (1978).

the past.[2]  Also, we have held that, even where an employee has an unblemished work record, which is not the case here, a single act can constitute willful misconduct. *Fritzo v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 268, 429 A.2d 1215 (1981).  There is no allegation here that the employer permitted employees to leave work early without notifying a supervisor and the claimant admitted that he always had given such notice on prior occasions when he had to leave work early.  Therefore, we must determine whether his conduct was justified.

The claimant's only attempt at justification for failing to give the required notice of early leaving was his concern over the impending termination of electrical service to his home which, he testified, overrode his knowledge of his duty to notify his supervisor before leaving.  In *Dulgerian,* we held that an employee's anxiety due to being informed by her dermatologist that she might have skin cancer was insufficient justification for not reporting back to work and failing to notify the employer that she would not return that day.  Accordingly, we conclude in the instant case that the claimant's attempt to justify his failure to notify a supervisor prior to leaving work on July 7, 1981 was also insufficient.

Therefore, we must conclude that the claimant was discharged for willful misconduct connected to his work, and consequently, we must affirm the order of the Board.

### Order

And Now, this 14th day of March, 1984, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

---

[2] *See, Astro Warehousing, Inc. v. Unemployment Compensation Board of Review,* 75 Pa. Commonwealth Ct. 126, 461 A.2d 340 (1983).