IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Harold J. Raub,                          :
                                         :
                    Petitioner           :
                                         :
          v.                             : No. 1479 C.D. 2016
                                         : Submitted:  March 3, 2017
Unemployment Compensation                :
Board of Review,                         :
                                         :
                    Respondent           :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  April 7, 2017


          Harold J. Raub (Claimant) petitions for review of the order of the
Unemployment Compensation Board of Review (Board) affirming the decision of
a referee that Claimant is ineligible for benefits under Section 402(e.1) of the
Unemployment Compensation Law (Law).[1]  We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, added by
the Act of December 9, 2002, P.L. 1330, 43 P.S. §802(e.1).  Section 402(e.1) of the Law states
that an employee shall be ineligible for compensation for any week "[i]n which his
unemployment is due to discharge or temporary suspension from work due to failure to submit
[to] and/or pass a drug test conducted pursuant to an employer's established substance abuse
policy, provided that the drug test is not requested or implemented in violation of the law or of a
collective bargaining agreement."  43 P.S. §802(e.1).

Claimant was employed by Nicholas Trucking Company (Employer) as a truck driver from December 2014 to May 2016. On April 27, 2016, Claimant was involved in an accident while driving an Employer vehicle. As a result, Claimant was directed to report for a drug test and provided a urine sample on April 28, 2016. After the laboratory determined that Claimant's sample was not usable because it was diluted, on May 3, 2016, Claimant was directed to appear at a collection facility and provide another sample. Because the first sample was diluted, the collection of the second sample was to be observed by a physician or male employee of the collection facility.[2] Although Claimant appeared at the collection facility to provide another urine sample on May 4, 2016, he became upset when he learned that the collection was going to be observed by a male employee of the collection facility and refused to provide another sample. Accordingly, Claimant's employment was terminated.

Claimant applied for benefits and provided responses for the Claimant Questionnaire. Certified Record (C.R.) Item No. 2. Regarding the circumstances surrounding the drug testing, Claimant stated:

> [I] gave a urine sample on 4/28 and it was stated to be [i]nconclusive and I was told about that on 05/04/16 and was to give another sample which I was going to do but then I was told it had to be observed by a doctor, a man, and I got mad so I threw the cup down and refused to take the test again.

*Id.*

---

[2] With respect to the collection of a sample, 49 C.F.R. §40.67(g) of the federal Department of Transportation (Department) regulations states, "As the collector, you must ensure that the observer is the same gender as the employee. You must never permit an opposite gender person to act as the observer. The observer can be a different person from the collector and need not be a qualified collector."

2

On May 16, 2016, the Service Center issued a Notice of Determination denying Claimant's application for benefits. C.R. Item No. 4. The Service Center found that Claimant refused to submit to a drug/alcohol test conducted under an established substance abuse policy and that the test was not in violation of a known law or of an existing collective bargaining agreement (CBA). *Id.* As a result, the Service Center concluded that Employer sustained its burden of proof and that benefits are denied under Section 402(e.1) of the Law. Claimant appealed the Service Center's determination to a referee.

At the referee's hearing, the Claimant Questionnaire was admitted without objection. N.T. 6/16/16[3] at 3. Regarding the circumstances underlying Claimant's discharge, Employer's compliance officer and director of human resources testified that Claimant was involved in an accident with one of Employer's trucks and was requested to take a urine test on April 28, 2016. He stated that in addition to being part of the Department's regulations, Employer's policy and the CBA require drivers involved in an accident to submit to a drug or alcohol test. *Id.* at 5, 6. He testified that Employer requested Claimant submit to another test after Employer was informed that the initial sample was diluted and that Employer's policy and that the Department's policy required Claimant to remain in the collection site until the testing process is complete. He stated that Article 17, Section 2 of the CBA provides that "failing to submit to a drug and alcohol test is considered just cause for immediate dismissal without any prior written warning," and that "[b]ased on [Claimant's] refusal to take the second test and that being documented by the doctor at our collection site, we immediately sent the letter out stating that his position was being terminated." *Id.* at 5.

---

[3] "N.T. 6/16/16" refers to the transcript of the referee's hearing.

Claimant admitted that he refused to submit to the second drug test, stating, that "when I had this woman literally breathing on my neck and a man wrenching his neck in to watch me urine in a cup, I just had enough, and I left the urinalysis place right there. And I'll tell you right now I'll do it again tomorrow. I'm not being creeped out." N.T. 6/16/16 at 8.

On June 17, 2016, the referee issued a decision affirming the Service Center's determination. The referee found as fact, in relevant part, that: Claimant provided the first sample and that the lab determined that it was diluted and not usable; Claimant admitted that he had drunk a lot of water the day before the test; Claimant was directed to provide a second sample and that the collection was to be observed by a physician or male employee of the collection facility because the first sample was diluted; Claimant appeared to provide the second sample, but became upset when he learned that the collection was going to be monitored by a male employee of the collection facility and left without providing a sample; Claimant refused a drug test; and the testing was under the Department's guidelines, was not contrary to law and was not contrary to the CBA. C.R. Item 9.

The referee explained that "[t]he claimant acknowledged in his testimony that there was a male employee peering into the area where he was going to provide the sample and the fact that he was being monitored upset the claimant and the claimant left without providing a sample." C.R. Item 9. The referee concluded that "the claimant refused a drug screen when [he] left without providing a sample on 5/4/2016 and accordingly benefits must be denied under Section 402(e.1) of the [Law]." *Id.* Claimant appealed the referee's decision and the Board affirmed, adopting and incorporating the referee's findings and conclusions. C.R. Item 11.

4

On appeal,[4] Claimant argues that the Board erred in denying benefits under Section 402(e.1) because the requested testing was contrary to law in that a woman was present during the second collection of the sample. Specifically, Claimant asserts that the Board capriciously disregarded[5] his testimony that a woman was present during the second collection, finding as fact that only a man was present, and erred in determining that the collection was not in violation of law because her presence violated the Department's regulation at 49 C.F.R. §40.67(g).

However, Claimant appears to misapprehend this concept as circumscribing the Board's fact-finding authority. The law remains well settled that in unemployment proceedings, issues of credibility are for the Board, which may either accept or reject a witness' testimony whether or not it is corroborated by other evidence of record. *Chamoun v. Unemployment Compensation Board of Review*, 542 A.2d 207, 208 (Pa. Cmwlth. 1988). This Court must examine the evidence in the light most favorable to the party who prevailed before the Board, and to give that party the benefit of all inferences that can be logically and reasonably drawn from that evidence. *Taylor v. Unemployment Compensation Board of Review*,

---

[4] Our scope of review is limited to determining whether the Board's findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Greer v. Unemployment Compensation Board of Review*, 4 A.3d 733, 736 n.4 (Pa. Cmwlth. 2010).

[5] We note that "review for capricious disregard of material, competent evidence is an appropriate component of appellate consideration in every case in which such question is properly brought before the court." *Leon E. Wintermyer, Inc. v. Workers' Compensation Appeal Board (Marlowe)*, 812 A.2d 478, 487 (Pa. 2002). Capricious disregard is a type of legal error. *Id.* It is defined as a "deliberate disregard of competent testimony and relevant evidence which one of ordinary intelligence could not possibly have avoided in reaching a result." *Ward v. Workers' Compensation Appeal Board (City of Philadelphia)* 966 A.2d 1159, 1164 (Pa. Cmwlth. 2009).

5

378 A.2d 829, 831 (Pa. 1977). Findings of fact are conclusive on appeal if the record contains substantial evidence to support the findings. *Id.* The fact that a witness has presented a version of the facts different from that accepted by the Board is not a basis for reversal if substantial evidence supports the Board's findings. *Tapco, Inc. v. Unemployment Compensation Board of Review*, 650 A.2d 1106, 1108-09 (Pa. Cmwlth. 1994). "It is irrelevant whether the record contains evidence to support findings other than those made by the fact-finder; the critical inquiry is whether there is evidence to support the findings actually made." *Ductmate Industries, Inc. v. Unemployment Compensation Board of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008) (citation omitted).

As the burdened party with respect to establishing that the testing was in violation of law,[6] Claimant had to meet both his burden of production and his burden of persuasion. *Kirkwood v. Unemployment Compensation Board of Review*, 525 A.2d 841, 844 (Pa. Cmwlth. 1987). The Board was free to reject Claimant's testimony regarding the purported illegality of the second collection of a urine sample even if it was unrebutted. *Carriers Terminal Company v. Unemployment Compensation Board of Review*, 449 A.2d 873, 874 (Pa. Cmwlth. 1982). Moreover, as outlined above, Claimant's testimony at the referee's hearing was rebutted by his admission in the Claimant Questionnaire that only a male was

---

[6] To establish a disqualification for benefits under Section 402(e.1), an employer need only show that it had an established substance abuse policy, and that the claimant violated it. *Greer,* 4 A.3d at 737 (citing *UGI Utilities Inc. v. Unemployment Compensation Board of Review*, 851 A.2d 240, 252 (Pa. Cmwlth. 2004)). Claimant does not contest the Board's findings or determination that Employer met its burden of proof in this regard. If an employer meets this initial burden, a claimant is rendered ineligible for benefits unless he can demonstrate that the employer's substance abuse policy violates either the law or a CBA. *Greer*, 4 A.3d at 737.

6

present during the collection of a second sample.[7]  The Board's resolution of the conflict between Claimant's statement in the Claimant's Questionnaire and his differing testimony at the referee's hearing is not a capricious disregard of evidence.  *Astro Warehousing, Inc. v. Unemployment Compensation Board of Review*, 461 A.2d 340, 341 (Pa. Cmwlth. 1983).  In sum, the Board was free to accept as credible that portion of Claimant's testimony at the referee's hearing that was corroborated by the statement in his Claimant's Questionnaire supporting a finding that only a male was present during the collection process, thereby comporting with the law and the CBA, and to reject as not credible Claimant's uncorroborated testimony at the hearing that a female was present in violation of the Department's regulation at 49 C.F.R. §40.67(g).

Accordingly, the Board's order is affirmed.

_____
MICHAEL H. WOJCIK, Judge

---

[7] Claimant's statement in the Claimant's Questionnaire constitutes an admission that only a male was present during the second collection.  *Havrilchak v. Unemployment Compensation Board of Review*, 133 A.3d 800, 804 n.3 (Pa. Cmwlth. 2015).  This admission regarding the legality of the collection process constitutes substantial evidence supporting the Board's findings in this regard.  *Id*.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Harold J. Raub,                          :
                                         :
                    Petitioner           :
                                         :
          v.                             :   No. 1479 C.D. 2016
                                         :
Unemployment Compensation                :
Board of Review,                         :
                                         :
                    Respondent           :


O R D E R


AND NOW, this 7<u>th</u> day of <u>April</u>, 2017, the order of the Unemployment Compensation Board of Review dated August 9, 2016, at No. B-16-09-D-5496 is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge