## Montier Unemployment Compensation Case.

Argued December 14, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Napoleon Montier,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., January 16, 1962:

In this unemployment compensation appeal the Bureau of Employment Security, the Referee and the

Unemployment Compensation Board of Review all decided that the claimant was discharged as a result of willful misconduct and so denied benefits under §402(e) of the Unemployment Compensation Law, 43 PS §802(e).

The claimant, Napoleon Montier, was last employed by Penn Fruit Company, Philadelphia, Pennsylvania, on January 17, 1961 as a produce back room porter at $2.36¼ per hour. He had been so employed for eighteen years.

The record shows, and the board so found, that a regular inspection of lockers disclosed the unexplained presence of certain items of the employer's merchandise, still bearing price tags, in the claimant's locker; that on his last day of work he was observed taking a soft drink from the icebox and admitted he did not pay for it; that he signed a statement that he did this on other occasions; and that he had known of the published rule that any employee who took merchandise without paying for it would be discharged. We are bound by these findings as they are supported by competent evidence. *Ristis Unemployment Compensation Case,* 178 Pa. Superior Ct. 400, 116 A. 2d 271 (1955).

His conduct, even without the company rule, in appropriating company property to his own use, was a willful disregard of the standards of behavior which the employer has a right to expect from his employee; and was such reprehensible conduct as to evidence a "conscious indifference to the perpetration of a wrong"; such conduct clearly constitutes willful misconduct under the law. *Gagliardi Unemployment Compensation Case,* 186 Pa. Superior Ct. 142, 141 A. 2d 410 (1958).

Decision affirmed.