## Murrin Unemployment Compensation Case.

584

Argued November 14, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WATKINS, MONTGOMERY, and FLOOD, JJ. (WOODSIDE, J., absent).

*Rose Mary Murrin,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Raymond Kleiman,* Deputy Attorney General, and *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., December 12, 1962:

In this unemployment compensation case the Bureau of Employment Security, the Referee, and the Unemployment Compensation Board of Review found that the claimant's conduct fell within the provisions of willful misconduct as set forth in §402(e) of the Unemployment Compensation Law, 43 PS §802(e).

Rose Mary Murrin, the claimant, was last employed by the Department of the Army, U. S. Army II, Lordstown Military Reservation, Warren, Ohio, at Neville Island, Pittsburgh, Pennsylvania, as a clerk-typist from May, 1961 to September 25, 1961, her last day of work.

On that date she was separated from her employment because she refused to carry out her supervisor's instructions to operate a teletype machine for a period of time during the absence of the regularly assigned teletype operator. The Pennsylvania Unemployment authorities are required to accept as final and conclusive the findings of the federal employment agency with respect to whether she performed federal service, the period of such service, the amount of remuneration of such service, and the reasons for the termination of her service. *Neumeyer Unemployment Compensation Case,* 187 Pa. Superior Ct. 321, 144 A. 2d 606 (1958) ; *Johnson Unemployment Compensation Case,* 199 Pa. Superior Ct. 194, 184 A. 2d 134 (1962).

The compensation authorities are bound, therefore, to accept the finding of the federal authorities that she was discharged for refusing to carry out her supervisor's instructions. In *Johnson Unemployment Compensation Case,* supra, we held that conduct not connected with his employment that constituted a violation of reasonable rules of behavior for the particular employment, in that case the failure to discharge personal debts, constituted willful misconduct. Here, the violation was clearly connected with her employment and her conduct in refusing to follow the instructions of her superior were not in her employer's best interest.

Willful misconduct has been held to be a disregard of the employer's interest; a disregard of the standards of behavior; a failure to perform assigned duties; and a failure to render faithful and diligent service to the

employer. *Gagliardi Unemployment Compensation Case,* 186 Pa. Superior Ct. 142, 141 A. 2d 410 (1958). This claimant's willful disregard of her supervisor's orders clearly falls within the court's definition, more especially when the employee happens to be an employee of the U. S. Army where, although a civilian employee, obedience to orders bears greater weight than in the case of an ordinary employer.

Decision affirmed.