## Palmer *v.* Unemployment Compensation Board of Review.

Argued May 10, 1973, before Judges CRUMLISH, JR., WILKINSON, JR., and ROGERS, sitting as a panel of three.

*Harold Palmer,* appellant, for himself.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION PER CURIAM, May 31, 1973:

Appellant was denied unemployment compensation benefits as a result of a referee's determination that appellant had been discharged for willful misconduct. The Unemployment Compensation Board of Review affirmed the referee's decision and this appeal followed.

Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, 2nd Ex. Sess., P. L. (1937) 2897, as amended, 43 P.S. §802(e), provides:

"An employee shall be ineligible for compensation for any week . . .

"(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is 'employment' as defined in this act. . . ."

The referee found that on November 30, 1970, appellant was informed that he was to be laid off on December 4, 1970. About 20 other employees were likewise subject to this layoff order. Following this notification, the referee found that appellant "refused to perform his assigned duties and was walking around the plant or reading or simply sitting and doing nothing when he should have been working." Appellant was warned that disciplinary action would ensue if such conduct continued.

On December 2, 1970, the production superintendent discovered "eight or nine" circuit breakers which appeared to be willfully damaged in the area where appellant worked as quality control supervisor. The following day, the production supervisor observed appellant take a circuit breaker off the test board and deliberately throw it six feet against a bench, resulting in irreparable damage. Appellant was discharged the same day, December 3, 1970.

All of the findings are supported by the testimony of two witnesses for the employer, including the production superintendent. Although the appellant contradicted this testimony in some instances, the findings of the Board as to facts, if supported by the evidence, are conclusive on appeal. *Fields v. Unemployment Compensation Board of Review,* 7 Pa. Commonwealth Ct. 200, 300 A. 2d 310 (1973).

The Board's conclusion that appellant's actions constituted willful misconduct must likewise be affirmed. In *Fields,* we defined willful misconduct as: "The term 'willful misconduct' was not defined by the Legislature. As a general principle, the act or course of conduct must be a wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, *a disregard of the standards of behavior which the employer has the right to expect of his employee,* or negligence in such degree or recurrence as to

manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest, or of the employee's duties and obligations to the employer." (Emphasis in original.) 7 Pa. Commonwealth Ct. 200, 203, 300 A. 2d 310, 311.

The facts found by the referee and affirmed by the Board describe a course of conduct much more than sufficient to bring appellant within this definition of willful misconduct.

Accordingly, we enter the following

### ORDER

Now, May 31, 1973, the order of the Unemployment Compensation Board of Review, in Appeal No. B-70-1-C-105, Decision No. B-109765, denying benefits, is affirmed.