Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Susan K. Houp, Appellant.

Argued May 9, 1975, before Judges KRAMER, MENCER and ROGERS, sitting as a panel of three.

*E. David Harr,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, July 2, 1975:

This is an appeal by Susan K. Houp (claimant) from an order of the Unemployment Compensation Board of Review (Board) denying her application for unemployment compensation benefits. This order was predicated on an allegation by Miscellaneous Ltd. (employer) that claimant was discharged for stealing clothing and other merchandise from the employer's premises.

The employer and the Board have therefore invoked Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. [1937] 2897, *as amended,* 43 P.S. §802(e), which provides in part:

"An employe shall be ineligible for compensation for any week—

. . . .

"(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . ."

This concept of willful misconduct has been examined in *Loder v. Unemployment Compensation Board of Review*, 6 Pa. Commonwealth Ct. 484, 296 A.2d 297 (1972), wherein Judge KRAMER stated:

"Unfortunately, the Legislature has not defined the phrase 'willful misconduct.' The appellate courts of this Commonwealth have endeavored to establish the standards to be applied in willful misconduct cases. As a general principle in order to deny unemployment compensation benefits to an employee, his or her action must involve a wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employees, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer." 6 Pa. Commonwealth Ct. at 488, 296 A.2d at 299-300.

In addition, we note that the employer has the burden of establishing that a claimant is not eligible for benefits because of willful misconduct. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).

If, then, in fact there is sufficient evidence in the record to support the Board's finding that claimant stole from her employer, there is no doubt that such theft invokes Section 402 (e) of the Act and therefore claimant must be denied benefits. *Dragan Unemployment Compensation Case,* 198 Pa. Superior Ct. 122, 181 A.2d 705 (1962); *Mattingly Unemployment Compensation Case,* 198 Pa. Superior Ct. 225, 181 A.2d 849 (1962).

Our scope of review here is limited to questions of law and, absent fraud, to a determination as to whether the Board's findings are supported by the evidence. Questions

of credibility and the weight to be given the evidence are for the Board to determine. *Shira v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 457, 310 A.2d 708 (1973).

Keeping in mind all of the above, we turn to the record in search of evidence supporting the findings of the Board.

At the hearing, a handwritten and signed "confession" of claimant to the alleged misdeeds was entered into the record over the objections of claimant's counsel. This "confession" and, admitted without objection, a limited summary of the employer's testimony at the predetermination fact-finding interview, form the basis for the Board's findings. Without the "confession," there is insufficient evidence to support those findings.[1] Our review is therefore limited to a determination of whether or not the "confession" was properly admitted into the record. We find that it was and affirm.

The "confession" reads as follows:

"February 6, 1974

"Misc. Shop
Greengate Mall
Greensburg, Pa. 15601

Gentlemen:

I Susan Houp am presently employed with Misc. Shop in the position of Inventory Control Clerk. I have been employed with Misc. Shop for the past 2½ years.

During the course of my employment with the Misc. Shop, I have stolen the following merchandise:
1 purse, 5 sweaters, 1 blouse,
1 dress, 3 cotton tops, 4 slacks
2 2 pc. dresses, 2 swimsuits
1 skirt, assorted jewelry

---

1. *See Unemployment Compensation Board of Review v. Stiles,* 19 Pa. Commonwealth Ct. 38, 340 A.2d 594 (1975).

I also received $10.00 approx. on unauthorized discounts on merchandise purchased in Misc. Shop.

The total retail value, of the merchandise I have stolen and received discounts on, amounts to approx. $300.00. Three hundred dollars and 00/XX.

Most of the merchandise I have taken from Misc. Shop was from the Charity Box.

WITNESS:  R. H. [signature
             unreadable] 2/6/74    Sue Houp 2/6/74"

It is in the claimant's handwriting and was signed by the claimant.

Though the "confession" is hearsay, it can be admitted into evidence because it clearly falls within the well-recognized exception to the hearsay rule that "[v]oluntary acts and declarations of a party to a cause, whenever done or made, are competent evidence against him. . . ." *See* 1 Henry, Pennsylvania Evidence §71 et seq. Under the circumstances of this case, this rule is of course modified by the proposition that claimant must have voluntarily written and executed the document.

At the hearing, claimant admitted to writing and executing the document. We have thoroughly read the record, and we are convinced that there is insufficient evidence to exclude the "confession" because of any alleged coercion of the claimant by the employer's investigator. Though we do not condone some of the tactics of the investigator, we do feel that, under the circumstances, claimant voluntarily and knowingly wrote and executed this document. It was therefore properly admitted into the record.

In addition, it is well settled in this Commonwealth that admissions are not limited in admissibility to the purpose of impeachment. In fact, admissions do constitute independent evidence of themselves and are therefore capable of independently providing competent evidence to support the findings of the Board. *See Gougher v.*

*Hansler,* 388 Pa. 160, 130 A.2d 150 (1957); *Commonwealth, by Truscott v. Binenstock,* 358 Pa. 644, 57 A.2d 884 (1948).

"Its probative worth, of course, depends on its nature and the circumstance under which it was made. 4 Wigmore on Evidence (3rd Ed., 1940), §1048(4); 1 Henry, Pennsylvania Evidence, §75. Standing uncontroverted, such admissions, when clear and unequivocal, may properly be used to support a finding of fact." *Gougher, supra,* 388 Pa. at 166, 130 A.2d at 153. Although claimant did present some controverting evidence concerning the admission and her discharge, we find, after thoroughly reading the record, that the Board did not abuse its discretion as the fact finder in denying claimant benefits. *Montier Unemployment Compensation Case,* 197 Pa. Superior Ct. 262, 177 A.2d 8 (1962).

We therefore issue the following

ORDER

AND NOW, this 2nd day of July, 1975, the order of the Unemployment Compensation Board of Review relative to the claim of Susan K. Houp is hereby affirmed.