Unemployment Compensation Board of Review of The Commonwealth of Pennsylvania *v.* John C. Homsher, Appellant.

Argued September 12, 1975, before President Judge BOWMAN and Judges KRAMER and MENCER, sitting as a panel of three.

*John A. Kenneff,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, November 12, 1975:

John C. Homsher (claimant) appeals to this Court from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision reversing the Bureau of Employment Security, thereby denying claimant unemployment benefits on his discharge from work. The Board's denial was based on a conclusion that claimant was rightfully discharged because of willful misconduct connected with his work. The Board therefore invoked Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended,* 43 P.S. §802(e).[1]

The claimant, who has correctly recognized our scope of review and the burden placed upon an employer in willful misconduct cases,[2] first contends that the Board erred in its conclusion that Lancaster Press, Inc. (employer) did in fact meet its burden of establishing that the actions of the claimant constituted willful misconduct.

The Board found, in part:

---

1.   This section provides in pertinent part:

"An employe shall be ineligible for compensation for any week—

. . . .

"(e) in which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work . . . ."

2.   *See Unemployment Compensation Board of Review v. Houp,* 20 Pa. Commonwealth Ct. 111, 340 A.2d 588 (1975).

"2. It was the claimant's responsibility to train the men under him to do their own jobs and also to perform the functions of a first pressman.

"3. The claimant repeatedly refused to train other employees in the functions of a first pressman. As a result, he was discharged by the employer."

After a careful review of the testimony in this case, we hold that these findings of the Board are adequately supported by evidence in the record.[3] Additionally, we note that an employee's repeated direct refusals to perform a duty assigned or follow an instruction given by an employer meets the legal test of willful misconduct under the Act.[4] *Cf. Palmer v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 100, 305 A. 2d 402 (1973); *Murrin Unemployment Compensation Case,* 199 Pa. Superior Ct. 583, 186 A. 2d 438 (1962).

Claimant's additional contention that the training of other employees in the function of a first pressman was not part of the job for which he was hired and that he could therefore refuse his employer's orders in that regard is without merit. The law is definite in this Commonwealth that an employee must abide by any *reasonable* changes that an employer makes in an employee's hours or duties. *Tucker v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 262, 319 A. 2d 195 (1974). During the hearing, the employer presented sufficient testimony to support a finding of reasonableness based on (1) the claimant's intellectual ability to teach his subordinates the functions of a first press-

3. In so doing, we have, of course, kept in mind that it is the function of the Board to resolve the question of the credibility of the witnesses and the weight to be given to the obviously conflicting evidence. *Shira v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 457, 310 A. 2d 708 (1973).

4. Contrary to claimant's contention, our careful review of the record convinces us that there is sufficient evidence therein to support a finding of *repeated* refusals.

man, (2) the similarity of such a training function to his present function of running the press and training these subordinates to perform their present functions, (3) the real need for the performance of the function (*i.e.,* to insure the continuation of the press operations during claimant's absences from work because of illness or vacation and to train personnel for a second shift), and (4) the justification for any additional burden imposed on claimant by this allegedly additional work in light of his wage rate and his present working schedule. Surely this evidence is much more than enough to support a finding of reasonableness.

However, claimant alternatively proposes that his participation in such training would have violated his union contract and shop rules and therefore his employer's demand was unreasonable. The record clearly discloses that claimant's union has already considered and rejected this argument in its grievance procedure. In *D'Amato Unemployment Compensation Case,* 196 Pa. Superior Ct. 76, 78-79, 173 A. 2d 680, 682 (1961), our Superior Court stated:

"The principal objective of the Unemployment Compensation Law is to alleviate economic distress in individual cases. Suska Unemployment Compensation Case, 166 Pa. Superior Ct. 293, 70 A. 2d 397. The Law is not designed or intended to implement or to impede collective bargaining between unions and employers. Section 402(d) renders ineligible any employe whose unemployment is due to voluntary suspension of work resulting from a labor dispute. It logically follows that an individual who refuses employment on the grounds of violation of his union's contract by the employer could not be entitled to benefits, as he is, in effect, involving himself in a one-man labor dispute with the employer. As a member of the union he has delegated his bargaining rights concerning wage scales to the union. Any remedial action deemed necessary for violation of

the collective bargaining agreement is the sole concern of the union and its collective membership. It is not within the jurisdiction of the unemployment compensation authorities to render decisions concerning violations of collective bargaining agreements."

While *D'Amato* concerned the application of its facts to a different section of the Unemployment Compensation Law, a voluntary-quit situation under the former Section 402(d), we feel compelled to adopt its reasoning as directly controlling precedent to the instant appeal, and we therefore reject claimant's final substantive contention.

Claimant additionally has raised what in essence are four procedural questions involving the referee's conduct towards claimant at the time of the hearing. Though we do not completely approve of the referee's manner of conducting the hearing and of the rather meager findings of fact, we have, after carefully reviewing the record, determined that none of claimant's allegations merit our reversing the Board's order.

We therefore issue the following

### ORDER

And now, this 12th day of November, 1975, the appeal of John C. Homsher from an order of the Unemployment Compensation Board of Review (B-123033) is hereby dismissed.