Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Margaret J. Erb, Appellant.

Argued June 11, 1976, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Peter T. Campana,* with him *Campana & Campana,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, July 8, 1976:

Appellant was employed as a housekeeper for approximately one year, until December 5, 1974. On her last day appellant was assigned to clean the Williamsport National Bank. The vice president of the bank testified that because of prior evening thefts of bank property he was observing the bank building that evening, during which he observed appellant leaving the bank carrying what appeared to him to be a heavy object. Later that evening it was discovered that

coins were missing from the bank, however, appellant denied responsibility for the disappearance.

Appellant was discharged by her employer after he was advised by the bank vice president of his observations. Subsequently, appellant was charged with the theft of coins from the bank but was acquitted of these charges.

On December 8, 1974, appellant applied for unemployment compensation benefits. The Bureau of Employment Security denied benefits. On appeal, after a hearing, the referee affirmed the Bureau's determination. The Unemployment Compensation Board of Review remanded for an additional hearing, after which it affirmed the decision of the referee denying benefits.

Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e), provides:

"An employe shall be ineligible for compensation for any week—

". . . .

"(e) In which his unemployment is due to his discharge or temporary suspension from work for wilful misconduct connected with his work . . . ."

The Unemployment Compensation Board of Review found as fact: "5. The claimant improperly removed a heavy object from the bank and on December 5, 1974, she was discharged by the employer."

A worker properly discharged for theft is certainly guilty of wilful misconduct and, as such, ineligible for unemployment compensation benefits. *Unemployment Compensation Board of Review v. Houp,* 20 Pa. Commonwealth Ct. 111, 340 A.2d 588 (1975). The question presented for our review is whether the quoted finding is based on substantial evidence.

The vice president of Williamsport National Bank stated he had the bank under surveillance due to a series of property losses from the bank. He observed appellant leaving the bank early in the night carrying what appeared to be a heavy object. Appellant could not give a satisfactory explanation of what this heavy object was. Indeed she indicated it was her pocket-book. After a careful review of this testimony and of the entire record, we cannot say that the Unemployment Compensation Board of Review did not have adequate evidence on which to make its findings of fact.

Accordingly, we will enter the following

ORDER

Now, July 8, 1976, the order of the Unemployment Compensation Board of Review, dated September 22, 1975, affirming the decision of the referee denying unemployment compensation benefits to Margaret J. Erb, is hereby affirmed.

Judge KRAMER did not participate in the decision in this case.