Sylvester Stokes, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

446

Argued September 16, 1977, before President Judge Bowman and Judges Mencer and Blatt, sitting as a panel of three.

*Mark B. Segal,* for petitioner.

*Thomas L. Devilbiss,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

Opinion by Judge Mencer, November 18, 1977:

On May 16, 1975, Sylvester Stokes (claimant) was stopped by the chief of security while leaving his employment as a smoker for Bluebird Products. A bag he was carrying was found to contain five large ham hocks, one of Bluebird's products which is not sold to employees. Claimant said he thought it was his lunch. This appeal is from a determination by the Unemployment Compensation Board of Review (Board) that his subsequent discharge was for willful misconduct under Section 402(e) of the Unemployment Compensation

Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

Claimant had worked for Bluebird for 15 years before his discharge. According to his testimony, he went out for lunch on May 16 and brought back a tuna fish hoagie and a soda. He testified that, when he decided not to eat the lunch, he put it in the walk-in cooler at Bluebird, and, at the end of the day, he went into the cooler and picked up one of the two bags of similar size he found there and started to leave. It is undisputed that Bluebird only sells ham hocks in 30-pound cartons. According to the security chief's testimony, when claimant was asked how the hocks came to be in the bag, he shrugged his shoulders and gave no answer. Claimant was discharged for stealing company property.

When claimant applied for unemployment compensation, the Bureau of Employment Security denied benefits. A referee for the Board reversed this determination after a hearing where no one from Bluebird appeared. After remanding the case for a second hearing, the Board reversed the referee and denied benefits. Claimant appealed to this Court.

It is beyond dispute that stealing from an employer may constitute willful misconduct. *Unemployment Compensation Board of Review v. Erb,* 25 Pa. Commonwealth Ct. 425, 360 A.2d 318 (1976); *Unemployment Compensation Board of Review v. Houp,* 20 Pa. Commonwealth Ct. 111, 340 A.2d 588 (1975). Even a single incident of theft is sufficient to deny benefits under Section 402(e) of the Act. *Kostik v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 32, 315 A.2d 308 (1974). Credibility questions and the weight to be given the evidence are for the determination of the Board. *Houp, supra.*

Here, the Board did not find claimant's excuse credible. Considering the variable of size, weight, balance, and appearance, we cannot say that the Board's reluctance to equate a bag containing a hoagie and a soda with one containing five ham hocks was erroneous.

### ORDER

AND Now, this 18th day of November, 1977, the order of the Unemployment Compensation Board of Review, dated June 24, 1976, denying benefits to Sylvester Stokes, is hereby affirmed.