IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Timothy L. Irvin, :
               Petitioner :
   :
         v. :
   :
Unemployment Compensation :
Board of Review, : No. 284 C.D. 2018
            Respondent : Submitted: November 2, 2018


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
            HONORABLE ANNE E. COVEY, Judge
            HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                        FILED: January 4, 2019


      Timothy L. Irvin (Claimant), pro se, petitions this Court for review of the Unemployment Compensation (UC) Board of Review's (UCBR) December 21, 2017 order affirming the Referee's decision denying Claimant UC benefits under Section 401(d)(1) of the UC Law[1] (Law).[2] Essentially, the issue before this Court is whether the UCBR erred by concluding that Claimant was ineligible for UC benefits under Section 401(d)(1) of the Law.[3] After review, we affirm.

      Claimant was employed part-time by K-7 Parking Company (Employer) as a valet parking attendant until July 17, 2017, when he took an approved leave of

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 801(d)(1) (referring to ability and availability for suitable work).

[2] The Referee deemed Claimant ineligible for UC benefits under Section 401(d)(1) of the Law, but eligible for UC benefits under Section 402(b) of the Law, 43 P.S. § 802(b) (referring to voluntarily leaving work).

[3] Claimant's Statement of the Questions Involved listed two issues: (1) whether Employer attempted to find Claimant light-duty work; and (2) whether the UCBR's decision was justified. *See* Claimant Br. at 6. Because both issues are subsumed in an analysis of the second, the Court has combined the issues herein.

absence for hip replacement surgery. On or about July 25, 2017, Claimant applied for UC benefits, submitting the questionnaire for a "Voluntarily Quit for Health Reasons." Certified Record (C.R.) Item 2 (Claimant Questionnaire) at 1. Claimant represented therein that he was able and available to work. *See id.* at 1-2. On August 2, 2017, the Altoona UC Service Center determined that Claimant was eligible for UC benefits under Sections 402(b) and 401(d)(1) of the Law. Employer appealed, and a Referee hearing was held on September 7, 2017, which neither Employer nor Claimant attended, despite having received notice thereof. On September 20, 2017, the Referee affirmed the UC Service Center's determination relative to Claimant's employment separation under Section 402(b) of the Law because Claimant was on an approved leave of absence, but denied him UC benefits under Section 401(d)(1) of the Law because the record lacked evidence that Claimant was available for work. Claimant appealed to the UCBR. On December 21, 2017, the UCBR affirmed the Referee's decision. Claimant appealed to this Court.[4]

As a procedural matter, Claimant asserts that since Employer appealed, but failed to attend the hearing, its appeal should be dismissed or, in the alternative, another hearing should be scheduled for the parties to present evidence. *See* Claimant Br. at 9.

Section 101.51 of the UCBR's Regulations directs, in pertinent part: "If a party notified of the date, hour and place of a hearing fails to attend a hearing without proper cause, the hearing may be held in his absence. In the absence of all parties, the decision may be based upon the pertinent available records." 34 Pa. Code

---

[4] "Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704." *Turgeon v. Unemployment Comp. Bd. of Review*, 64 A.3d 729, 731 n.3 (Pa. Cmwlth. 2013).

2

§ 101.51. This Court has reasoned that Section 101.51 of the UCBR's Regulations, read in conjunction with Section 502 of the Law (relating to referee decisions), "reveals . . . the Legislature's intention that referees decide [UC] cases on their merits, even in the absence of a party or indeed both parties." *Gadsden v. Unemployment Comp. Bd. of Review*, 479 A.2d 74, 76 (Pa. Cmwlth. 1984) (quoting *Miller v. Unemployment Comp. Bd. of Review*, 476 A.2d 364, 366-67 (Pa. Cmwlth. 1984)). Accordingly, in the absence of the parties, the Referee was authorized to and did properly proceed with the hearing and issue a decision on the available records.

With respect to the merits of this case, Claimant argues that the UCBR erred by concluding that Claimant was ineligible for UC benefits under Section 401(d)(1) of the Law. Specifically, Claimant contends that he was available for light-duty work, but Employer failed to offer it and, thus, he "should have continued to receive [] [UC] benefits until [he] was fully recovered." Claimant Br. at 6.

This Court has explained:

> Section 401(d)(1) of the Law provides, in part, that '[c]ompensation shall be payable to any employe[] who is or becomes unemployed and who . . . [i]s able to work and available for suitable work.' **The burden of proving availability for suitable work is on the claimant**. An unemployed worker who registers for unemployment is **presumed to be able and available for work**. This **presumption is rebuttable by evidence that a claimant's physical condition limits the type of work he is available to accept** or that he has voluntarily placed other restrictions on the type of job he is willing to accept. **If the presumption of availability is rebutted, the burden shifts to the claimant to produce evidence that he is able to do some type of work and that there is a reasonable opportunity for securing such work**.

*Rohde v. Unemployment Comp. Bd. of Review,* 28 A.3d 237, 242-43 (Pa. Cmwlth. 2011) (citations omitted; emphasis added). "[T]he determination of whether a claimant is available for work as required by Section 401(d)[(1)] of the Law is a

question of fact for the [UCBR.]" *Craig v. Unemployment Comp. Bd. of Review*, 442 A.2d 400, 401 (Pa. Cmwlth. 1982) (quoting *Goodwin v. Unemployment Comp. Bd. of Review*, 378 A.2d 1308, 1310 (Pa. Cmwlth. 1977)). Further, "the [UCBR] is the ultimate fact-finder in [UC] matters and is empowered to resolve all conflicts in evidence, witness credibility, and weight accorded the evidence. . . . Where substantial evidence supports the [UCBR's] findings, they are conclusive on appeal." *Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008) (citations omitted).

Here, since neither party appeared at the hearing or offered evidence, the Referee based her factual findings and conclusions on the parties' documents. The Referee declared that the documents submitted by the parties and admitted into the record confirm that Claimant was off work after July 17, 2017 for hip replacement surgery and recuperation. Relative to Section 401(d)(1) of the Law, the Referee relied upon Claimant's Questionnaire, in which Claimant represented that he was able and available for work, but listed his work limitations as: "[N]o lifting, must sit on stable chairs, use a walker or cane for walking[.]"[5] C.R. Item 2 at 1. Further, in response to the question, "Does the doctor have you off work completely?" Claimant replied: "Yes[,] and off everything else too." *Id.* Employer's Appeal Petition (Employer's Petition) supports Claimant's representations. Therein, Employer stated: "Claimant had surgery and is not released to work at any capacity. Claimant has not informed [Employer] of any return date or work release status. Claimant is a Valet Parking Attendant and is not released to perform his job." C.R. Item 5 (Employer's

---

[5] This Court has ruled that a claimant's admissions in submissions such as the claimant questionnaire "constitute party admissions that are admissible as an exception to the hearsay rule." *Havrilchak v. Unemployment Comp. Bd. of Review*, 133 A.3d 800, 804 n.3 (Pa. Cmwlth. 2015). "[A]dmissions constitute independent evidence of themselves and are therefore capable of independently providing competent evidence to support the findings of the [UCBR]." *Id.* (quoting *Unemployment Comp. Bd. of Review v. Houp,* 340 A.2d 588, 591 (Pa. Cmwlth. 1975)).

4

Petition) at 3. Based upon those documents, the Referee concluded that the only record evidence rebutted the presumption that Claimant was able and available for work, and Claimant did not prove otherwise. *See* C.R. Item 9 (Referee's Dec.).

In Claimant's Appeal Petition (Claimant's Petition), Claimant stated for the first time:

> The reason for this appeal is to clarify the facts[] that I [] was able and available for work, not the work that I was previously performing. I was told by my supervisor that there was no light[-]duty work available, and I have yet to be informed of any work. My physician, Dr. Levine told me that I was able to do light[-]duty work after my left hip replacement surgery.
>
> I did not attend the appeal hearing due to confusion with appointment dates, related to various doctors' appointments and rehabilitation scheduling. If any other information is required[,] I will be glad to submit it.

C.R. Item 10 (Claimant's Petition) at 6.[6]

---

[6] In Claimant's brief to this Court, he reiterated that Employer was aware he was released to light-duty work, but informed him "that there was not any other work available besides . . . parking cars[,] which involved a lot [of] bending and getting in and out of cars." Claimant Br. at 6. Claimant also represented in his brief that he did not attend the hearing "due to the pain medicine [he] was prescribed[,] [he] confused the dates and thought the hearing was on September 20, 2017[.]" Claimant Br. at 7. However, the law is well-settled that

> the [UCBR] may not consider evidence that was not presented to the referee in rendering its decision. *See* [Section 101.106 of the UCBR's Regulations,] 34 Pa. Code § 101.106; [*see also*] *Lock Haven Univ[.] of the P[a.] State Sys[.] of Higher Educ[.] v. Unemployment Comp[.] B[d.] of Review*, . . . 559 A.2d 1015, 1018 ([Pa. Cmwlth.] 1989). Similarly, because mere allegations are no substitute for record evidence, this Court cannot consider the averments of fact in Claimant's brief when determining whether the [UCBR] erred in issuing its findings.

*Hollingsworth v. Unemployment Comp. Bd. of Review*, 189 A.3d 1109, 1113 (Pa. Cmwlth. 2018).

5

On appeal, the UCBR made the following findings of fact:

1. [Employer] employed [Claimant] through July 14, 2017.

2. After July 14, 2017, [Claimant] was on an approved leave of absence for hip replacement surgery.

3. On July 17, 2017, [Claimant] underwent surgery.

4. [Claimant] did not attend the September 7, 2017, hearing because he confused the date with that of a medical appointment.

C.R. Item 11 (UCBR Dec.) at 1. The UCBR concluded:

Because [Claimant's] confusion, rather than misinformation, resulted in his nonappearance at the [R]eferee's hearing, he has not established proper cause for his nonappearance. Neither party appeared at the hearing, so the [UCBR] is constrained to consider the only competent evidence in the record - the parties' admissions and hearsay evidence corroborated by those admissions.

. . . .

Although no competent evidence rebuts the presumption that [Claimant] is available for work, his hip replacement surgery is so significant that it rebuts the presumption of ability to work. The record contains no competent evidence that [Claimant] was able to work, so benefits must be denied under Section 401(d)(l) of the Law.

Because Section 401(d)(l) of the Law is a weekly test, if [Claimant] became able and available for substantial and suitable work in his labor market after the weeks at issue here, [he] should notify the Department [of Labor and Industry], rather than the [UCBR].

UCBR Dec. at 2.

This Court discerns no error in the UCBR's conclusion. First, Claimant did not request a remand or rehearing when he appealed to the UCBR. Even if he had, there was no "proper cause" for his absence. 34 Pa. Code § 101.51. "[T]his Court has repeatedly held that a party's own negligence is not sufficient good cause

6

as a matter of law for failing to appear at a Referee's hearing." *Eat'N Park Hosp. Grp., Inc. v. Unemployment Comp. Bd. of Review*, 970 A.2d 492, 494-95 (Pa. Cmwlth. 2008) (quotation marks omitted); *see also Savage v. Unemployment Comp. Bd. of Review*, 491 A.2d 947, 950 (Pa. Cmwlth. 1985) ("[A] claimant's own negligence [by misreading a hearing date] is insufficient 'proper cause,' as a matter of law, to justify his failure to appear at a referee's hearing and warrant a new hearing."). Accordingly, in the absence of proper cause for Claimant's failure to attend the Referee hearing, the UCBR properly decided the case "based upon the pertinent available records." 34 Pa. Code § 101.51.

Second, Employer's and Claimant's documentation "evidence that [C]laimant's physical condition limit[ed] the type of work he [was] available to accept[,]" and rebutted the presumption that Claimant was able and available for work. *Rohde,* 28 A.3d at 243. Thus, "the burden shift[ed] to [C]laimant to produce evidence that he [was] able to do some type of work and that there is a reasonable opportunity for securing such work." *Id.* However, there is no record evidence to that effect. Accordingly, the UCBR properly determined Claimant was not able and available for work and, thus, was ineligible for benefits under Section 401(d)(1) of the Law.

For the above reasons, the UCBR's order is affirmed.

_____
ANNE E. COVEY, Judge

7

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Timothy L. Irvin,                           :
                          Petitioner        :
                                            :
              v.                            :
                                            :
Unemployment Compensation                   :
Board of Review,                            :        No. 284 C.D. 2018
                          Respondent        :

## O R D E R

AND NOW, this 4th day of January, 2019, the Unemployment Compensation Board of Review's December 21, 2017 order is affirmed.

_____
ANNE E. COVEY, Judge